## NATHAN HARDIN v. THE STATE.

No. 8553. Delivered December 10, 1924.

Rehearing denied January 21, 1925.

1.—Burglary—Sufficiency of Testimony.

Appellant was found in possession of the property stolen soon after the burglary, no explanation of such possession being offered, and the further fact that his tracks and presence near the burglarized premises were shown, in sufficient to support the conviction.

ON MOTION FOR REHEARING.

2.—Same—Indictment—Day and Night Time Burglary—Charge Correct.

The indictment charged both day time and night time burglary. The court submitted to the jury in his charge the law of a day time burglary. Such a charge was applicable to the facts, and puts the greater burden on the State, and appellant has no proper complaint.

3.—Same—Charge of Court—Omission of Word—Harmless.

By the express terms of Art. 743 of our P.'C. we are forbidden to reverse cases for error in the charge, unless same are excepted to and are calculated to materially injure the rights of the appellant. The charge of the court omitted the word "years" in fixing the punishment. No exception was taken to the omission at the time, and we cannot believe that any injury was done appellant by such omission. See Thompson v. State, 91 Tex. Crim. Rep. 234.

Appeal from the District Court of San Jacinto County. Tried below before the Honorable J. L. Manry, Judge.

Appeal from a conviction for burglary, penalty, two years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

Appellant was convicted in the district court of San Jacinto county of burglary, and his punishment fixed at two years in the penitentiary.

The indictment appearing to be in proper form and the charge of the court presenting the law of the case without any exception thereto,

the only question left is that of the sufficiency of the testimony. The prosecuting witness testified fully to the burglary of his smokehouse and the loss of meat which was found in appellant's possession shortly thereafter. Appellant's presence near the smokehouse is also shown by testimony. There being no explanation of appellant's possession of the meat so soon after the burglary, and his tracks and presence near the burglarized premises being also in evidence, the facts are deemed sufficient to support the conviction, and an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

Two points are stressed in the motion and argument thereon. The indictment charged a breaking and entry by force with intent to commit theft, and in this form would have supported a prosecution for either a day time or a night time burglary. The proof showed a day time burglary. The court submitted to the jury in his charge the law of a day time burglary. Appellant now objects to this procedure. We do not regard the charge as on the weight of the evidence because it referred only to a day time burglary. Such charge was applicable to the facts as shown by the witnesses, and puts a greater burden on the State because it requires that the proof show beyond a reasonable doubt that the breaking was by force applied to the building. Appellant has no proper complaint.

Appellant also urges error in that the court told the jury, as appears from the transcript, in the event they found appellant guilty to assess his punishment for any time not less than two nor more than twelve, the word "years" being omitted in this part of the charge. There was no exception taken to the charge as is required by the terms of Art. 735 of our C. C. P. and there is no doubt in our minds but that if the transcript before us correctly presents the charge of the trial court on this particular point, if his attention had been called to this matter by an exception, the charge would have been corrected. We are forbidden by the express terms of Art. 743 of our C. C. P. to reverse cases for errors in the charge unless same were excepted to and are calculated to materially injure the rights of the appellant. The jury gave him the lowest penalty for the crime of burglary. We are not able to bring ourselves to believe any injury resulted if in fact the word "years" was omitted from the charge as presented. Thompson v. State, 91 Texas Crim. Rep., 234.

Being unable to agree with the contentions of learned counsel for appellant, the motion for rehearing will be overruled.

*Overruled.*